UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Loretta Azuka Obi

   v.                                                    Civil No. 18-cv-550-SM

Exeter Health Resources, Inc.; Core
Physicians LLC; and Barton Assocs., Inc.

### REPORT AND RECOMMENDATION

Before the court is plaintiff Dr. Loretta Azuka Obi's "Motion to Amend the Complaint" (Doc. No. 15), filed in response to this court's October 2, 2018 Order (Doc. No. 13) ("October 2 Order").  The court construes the allegations in the instant filing as intending to add new claims and allegations to the claims in the underlying operative complaint and complaint addendum (Doc. Nos. 2, 9).

### Standard

In general, under Fed. R. Civ. P. 15(a), leave to amend is to be "freely given."  Id.  One ground for denying a proposed amendment is futility.  See Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007).  To assess whether the proposed amendment is futile, this court applies the standard for preliminary review of claims set forth in the October 2, 2018 Report and Recommendation ("October 2 R&R") (Doc. No. 14), which the district judge approved in its October 27, 2018 Order (Doc.

No. 22). To the extent a proposed amendment would add new parties, the court also considers whether those new parties are properly joined as defendants pursuant to Fed. R. Civ. P. 20(a) and 21.

Background

Dr. Obi was a hospitalist who worked at Exeter Hospital under contracts between her and defendants Exeter Health Resources, Inc.; Core Physicians LLC; and Barton Associates, Inc. She began the job at Exeter Hospital on December 22, 2017, and she continued working there until she was fired on January 3, 2018, based on what she characterizes as false staff reports and "coerced" patient complaints. Dr. Obi asserts that Exeter Hospital's true motives were to retaliate against her for failing to engage in what she considered to be unethical or illegal patient management decisions and fraudulent billing practices.

After terminating her contract, Exeter Hospital withdrew Dr. Obi's clinical privileges and reported that action, and its reasons for the action, to the National Practitioner Data Bank ("NPDB"), a U.S. Department of Health and Human Services data base which collects reports of adverse actions affecting health care providers nationwide.[1] The New Hampshire Board of Medicine

---

[1] See U.S. Dep't of Health & Human Servs., NPDB, About Us,

and Dr. Obi's past employers, including Weatherby Healthcare, received notice of her inclusion in the NPDB.  The New Hampshire Board of Medicine's subsequent investigation and proceedings culminated in the revocation of Dr. Obi's license to practice medicine in New Hampshire.[2]

The October 2 R&R identified the claims asserted by Dr. Obi as Claims 1-5, and recommended that Claim 2(c) and 4 be dismissed, and that Claim 5 be dismissed without prejudice.  The October 2 Order granted Dr. Obi an opportunity to move to amend her pleadings, to state sufficient facts to allow her claims of fraud and defamation to proceed against the defendants named in Document Nos. 2 and 9.  Dr. Obi filed the instant motion to amend (Doc. No. 15) in response to the October 2 Order.

## Discussion

I. <u>Facts Relating to Claims Identified in the October 2 R&R</u>

   A.  <u>Claims 2(c) and 4</u>

In her Motion to Amend, Dr. Obi alleges new facts relating to tort and contract claims this court has previously identified

---

https://www.npdb.hrsa.gov/topNavigation/aboutUs.jsp (last accessed Oct. 1, 2018).

[2]A more thorough summary of the background facts asserted in Dr. Obi's complaint (Doc. No. 2) and a complaint addendum (Doc. No. 9) is set forth in the October 2, 2018 Report and Recommendation (Doc. No. 14), which the district judge approved, see Oct. 27, 2018 Order (Doc. No. 22).

3

as Claims 1-5.  In her motion to amend, Dr. Obi specifically accepts the magistrate judge's recommendation that the district judge dismiss Claims 2(c) and 4, and her defamation claims against Barton Associates and Core Physicians.  The new facts asserted in the motion to amend do not alter the recommendations in the October 2 R&R (Doc. No. 14), which the district judge approved, see Oct. 27, 2018 Order (Doc. No. 22), with respect to those claims and her defamation claims against Barton Associates and Core Physicians.

    B.    Fraudulent Contract Negotiations (Claim 5)

In the October 2 R&R, the court characterized Dr. Obi's fraud claim (Claim 5) as intending to allege that unspecified agents of the defendants, in negotiating contracts with Dr. Obi, fraudulently withheld facts relating to the work conditions at Exeter Hospital.  The October 2 R&R recommended that Claim 5 be dismissed without prejudice for failure to state a fraud claim with the requisite specificity required by Fed. R. Civ. P. 9(b).  The October 27, 2018 Order (Doc. No. 22) accepted that recommendation.  Although the October 2 Order granted Dr. Obi an opportunity to amend her fraud claim, Document No. 15 does not provide any additional specific facts, sufficient to resurrect Claim 5 or any like claim.

4

### C. Health Care Fraud

In the motion to amend, plaintiff asserts facts regarding the power exercised by Exeter Hospital nurses, and the case management, treatment, medical needs, and billing and coding for insurance purposes of particular patients at Exeter Hospital. Those allegations do not state a claim that Dr. Obi relied to her detriment upon any fraudulent misrepresentation. To the extent Dr. Obi seeks to proceed as a whistleblower on a claim of health care fraud or fraudulent billing practices affecting the Medicare program, under the False Claims Act, 31 U.S.C. § 3730(b), she cannot do so in this action, as she is appearing here without a lawyer. See generally Stoner v. Santa Clara Cnty. Dep't of Educ., 502 F.3d 1116, 1127 (9th Cir. 2007) (relators in qui tam actions must appear by counsel). The motion to amend (Doc. No. 15) should be denied as futile, to the extent it seeks to add a health care fraud claim to this action.

## II. New Claims

Dr. Obi seeks to add new claims against new defendants, the NPDB and New Hampshire Board of Medicine, as summarized below:

> 6. The National Practitioner Data Bank is liable for tortious conduct, in that:
>
>    a. The NPDB published false, defamatory information relating to Exeter Hospital's reasons for withdrawing Dr. Obi's clinical privileges;

5

>    b.   The NPDB did not properly vet the reports received from Exeter Hospital before disseminating them, rendering the NPDB liable for:
>
>         i.   Tortious interference with Dr. Obi's business relationship with Weatherby Healthcare; and
>
>         ii.  Tortious interference with Dr. Obi's relationship with the New Hampshire Board of Medicine.

7.   The New Hampshire Board of Medicine is liable under 42 U.S.C. § 1983, as its investigative process, and decision to revoke her medical license, were biased, and constituted an abuse of the Board's authority, in violation of Dr. Obi's Fourteenth Amendment right to due process.


A.   National Practitioner Data Bank (Claim 6)

Dr. Obi asserts claims that the National Practitioner Data Bank failed to vet information it received from Exeter Hospital, before publishing it in a manner that she asserts defamed her and interfered with her business and professional relationships.

> Pursuant to the Health Care Quality Improvement Act of 1986 (Title IV of P.L. 99-660), the National Practitioner Data Bank was created as a clearinghouse for the collection and release of certain information related to the professional competence and conduct of physicians, dentists, and other health care practitioners.  The intent of the 1986 act is to improve the quality of health care by (1) encouraging health care practitioners to identify and discipline those engaged in unprofessional behavior and (2) restricting the ability of unethical or incompetent practitioners to move from state to state without disclosure or discovery of their previous damaging or incompetent performance.

U.S. Gov't Accountability Off., GAO/GGD-96-101, Health Care Fraud (May 1, 1996).  The regulations that govern the NPDB do not require it to screen the information that entities report to

6

it.  See 45 C.F.R. § 60.6(a) ("Persons and entities are responsible for the accuracy of information which they report to the NPDB.").

The NPDB is a federal agency.  Sovereign immunity is a threshold issue for Dr. Obi's claims asserting tortious conduct by the NPDB.  The Federal Tort Claims Act preserves the government's sovereign immunity for any claims "arising out of . . . abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."  28 U.S.C. § 2680(h).  Dr. Obi's proposed tort claims against the NPDB fall within the scope of that provision.  See Davric Me. Corp. v. U.S. Postal Serv., 238 F.3d 58, 64 (1st Cir. 2001) (dismissing defamation and tortious interference claims under § 2680(h)); Moessmer v. United States, 569 F. Supp. 782, 784 (E.D. Mo. 1983) ("the weight of authority supports the proposition that claims for interference with prospective economic advantage are included within the section 2680(h) 'interference with contract rights' exemption"), aff'd, 760 F.2d 236, 237 (8th Cir. 1985). Accordingly, the motion to amend (Doc. No. 15) should be denied to the extent it seeks to add Claim 6 to this lawsuit.

B.  New Hampshire Board of Medicine (Claim 7)

The New Hampshire Board of Medicine is a state agency. Claims for damages and injunctive relief against state agencies

are barred by the Eleventh Amendment.  See Town of Barnstable v. O'Connor, 786 F.3d 130, 138 (1st Cir. 2015).  The motion to amend (Doc. No. 15) should thus be denied as futile to the extent it seeks to add Claim 7, Dr. Obi's due process and abuse of power claims against the New Hampshire Board of Medicine.

## Conclusion

For the foregoing reasons the district judge should deny the motion to amend the complaint (Doc. No. 15).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The objection period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Andrea K. Johnstone
Andrea K. Johnstone
United States Magistrate Judge

October 29, 2018

cc:  Loretta Azuka Obi, pro se
     Timothy Benjamin Sweetland, Esq.
     Julie K. Connolly, Esq.