UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Loretta Azuka Obi

    v.

Exeter Health Resources, Inc.;
Core Physicians, LLC; and
Barton Associates, Inc.

Case No. 18-cv-550-SM
Opinion No. 2019 DNH 033

**ORDER**

As is often the case with pro se litigation, it is
difficult to determine with precision just what the plaintiff
here is and is not claiming.  Defendants have moved to dismiss
all claims remaining after the Magistrate Judge's review.  After
careful consideration of defendants' motions and plaintiff's
objection (doc. no. 34), amended objection (doc. no. 35), and
second amended objection (doc. no. 37), none of which seem to
differ significantly, it seems that plaintiff's case may be
fatally deficient with respect to each defendant.

First, it seems very likely that Defendant Barton
Associates, Inc.'s motion to dismiss on Fed. R. Civ. P. 12(b)(6)
grounds is meritorious.  Barton points to a forum selection
clause in the parties' agreement designating the Commonwealth of
Massachusetts as the exclusive place for litigating disparities
arising under it.  (Plaintiff, by the way, has not objected to
Barton's motion (doc. no. 18) by separate pleading, but rather

includes a general response to it (of sorts) in her multiple

objections to the other motion to dismiss filed by Core

Physicians, LLC, and Exeter Health Resources, Inc. (doc. no.

28).  Next, it would seem likely that Exeter Health Resources'

motion is meritorious with respect to its assertions of a

comprehensive release executed by plaintiff, and statutory

immunity, and that it had no contract with plaintiff to breach,

and that no cognizable claim for tortious interference has been

adequately pled against it by plaintiff.  Similarly, Core

Physicians' motion appears likely meritorious in that no

contract seems to exist between plaintiff and Core.


     But there is a major preliminary problem.  The pending

motions are motions to dismiss under Rule 12; they are not

motions for summary judgment.  "Under Rule 12(b)(6), the

district court may properly consider only facts and documents

that are part of or incorporated into the complaint; if matters

outside the pleadings are considered, the motion must be decided

under the more stringent standards applicable to a Rule 56

motion for summary judgment."  Trans-Spec Truck Serv., Inc. v.

Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008); see also

Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . .

., matters outside the pleadings are presented to and not

excluded by the court, the motion must be treated as one for

summary judgment under Rule 56.  All parties must be given a

reasonable opportunity to present all the material that is pertinent to the motion.")

Plaintiff does not refer to the Client Services Agreement ("CSA") in her complaint, upon which Barton rests its forum selection clause argument, except perhaps very indirectly by attaching placement orders that incorporate it by reference. But even so, in her several objections she undeniably, though somewhat conclusively, seems to assert that the electronic signature on the CSA is not her doing, and that the CSA was somehow fraudulent or perhaps her agreement was obtained through fraud.

Similarly, while statutory immunity probably protects Exeter from plaintiff's defamation claim, that defense would seem to require a determination with respect to good faith, justifiable purpose, and reasonable belief in the truth of statements made — matters not addressed in the complaint, not necessarily undisputed, and not established by affidavit or other admissible evidence. And, while there are assertions of "no contract" in the motions to dismiss, the complaint does assert that plaintiff had contracts with all three defendants. While it is said that Dr. Obi signed a release with respect to future claims against Exeter, the complaint does not mention that either, and plaintiff, while exceedingly unclear, cannot

3

reasonably be said to "concede either its authenticity or its enforceability."

Perhaps finally, whether what contracts were in existence were or were not breached cannot be determined based on the allegations in the complaint. There are probably other stray issues of a similar nature, but these suffice for now.

The bottom line is this. The current procedural posture of this case is such that the motions to dismiss cannot be properly resolved without referring to and taking note of matters outside the pleadings. Accordingly, they must be converted to motions for summary judgment and all parties afforded an opportunity to present all the material that is pertinent to the motions. Fed. R. Civ. P. 12(d).

The motions to dismiss and memoranda filed are adequate to the task of identifying the dispositive issues and allowing the court to resolve them. But the summary judgment record is inadequately developed at this point. The parties must supplement the record by asserting material facts that are not or cannot reasonably be disputed, or plaintiff must demonstrate the existence of disputed material facts sufficient to avoid summary judgment, and the parties must support their assertions

with affidavits and/or by citing to materials and documents, or other evidence that would be admissible at trial.

The parties are reminded that "[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible as evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  Here, the parties must address the existence and content of contracts, releases, statements, determinations, decisions made and the bases upon which made, and any other matter necessary to disposition on motions for summary judgment.

Defendants have filed the pending motions.  Accordingly, on or before April 5, 2019, defendants may supplement the summary judgment record as they deem appropriate, including filing supplemental legal memoranda if they desire.

On or before May 3, 2019, plaintiff shall respond to the pending motions as motions for summary judgment (see Federal Rule of Civil procedure 56).  Plaintiff may file documents and materials supportive of her position(s) as well as an additional legal memorandum if she desires.

## Conclusion

The pending motions to dismiss are converted to motions for summary judgment. Fed. R. Civ. P. 12(d). Defendants shall supplement the record as they deem appropriate on or before April 5, 2019. Plaintiff shall supplement the record as she deems appropriate on or before May 3, 2019.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 4, 2019

cc:  Loretta Azuka Obi, pro se
     Timothy B. Sweetland, Esq.
     Christopher R. O'Hara, Esq.
     Jennifer A. Scully, Esq.
     Julie K. Connolly, Esq.